# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| TROY H. MASON | : | CIVIL ACTION |
|---|---|---|
| | : | |
| v. | : | NO. 18-3285 |
| | : | |
| COMMISSONER OF SOCIAL | : | |
| SECURITY | : | |

## MEMORANDUM

**KEARNEY, J.**                                                                                                     **March 11, 2019**

A properly appointed administrative law judge engaging in the inquisitorial process of evaluating evidence of disability must evaluate all credible evidence. She must explain why she discounts certain medical evidence considering the entire record. When, as today, the administrative law judge explains why she discounted a treating physician's form report after considering the entirety of medical evidence, we defer to her factual findings as to the claimant's residual functional capacity to perform certain light work in the national economy. Those findings required the administrative law judge to deny Supplemental Security Income. As the findings are based on substantial evidence in the entire record, including analysis of medical records contrary to the treating physician's view, we deny the claimant's petition for review in the accompanying Order.

## I. Background

Troy H. Mason is currently a forty-four-year-old man struggling with severe impairments from congestive heart failure and obesity.[1] After the Commissioner denied him benefits in November 2011, Mr. Mason applied for Title XVI Supplemental Security Income on January 1, 2015 with an alleged onset date of May 1, 2012.[2] He claimed high blood pressure, anxiety disorder, congestive heart failure and plantar fasciitis. The Commissioner denied his claim and Mr. Mason requested a hearing. Administrative Law Judge Jon C. Lyons heard testimony and

argument on October 31, 2017.³ Mr. Mason retained counsel for the hearing. During the hearing, ALJ Lyons reviewed several medical records (including from Mr. Mason's treating physician) but only heard testimony from Vocational Expert Beth Kelley.⁴

Following the hearing, ALJ Lyons denied benefits under the Social Security Act. He found Mr. Mason not disabled. ALJ Lyons detailed his findings: (1) Mr. Mason has not engaged in substantive gainful activity since the application date of January 1, 2015; (2) Mr. Mason has severe impairments from congestive heart failure and obesity; (3) Mr. Mason does not have an impairment or combination of impairments rising to the severity of the impairments; (4) Mr. Mason has the residual functional capacity ("RFC") to perform light work, but can climb stairs and crouch, kneel, and crawl less frequently; (5) Mr. Mason has no past relevant work history; (6), Mr. Mason is a younger individual; (7) Mr. Mason has limited education and is able to communicate in English; (8) transferability of job skills is not relevant because Mr. Mason has no relevant work history; (9) considering Mr. Mason's age, education, work experience, and residual functional capacity, there are jobs in the national economy existing in significant numbers; and, (10) Mr. Mason has not been under a disability since January 1,2015.⁵

To support his RFC finding, ALJ Lyons relied on he entirety of the record of the symptoms and the extent the symptoms can be reasonably accepted as consistent with objective medical evidence and other evidence along with opinion evidence.⁶ ALJ Lyons relied on Mr. Mason's reported symptoms because no one testified to them at the hearing.⁷ Mr. Mason's disability report and Mr. Mason's function report stated he has shortness of breath, achy joints, short attention span and can only walk 235 to 250 yards without having to take a break.⁸ The reports state Mr. Mason can prepare light meals, iron, sweep, ride public transportation, and manage his own finances, but is unable to do other household chores.⁹

2

ALJ Lyons relied on cited objective medical evidence.[10] No medical expert, examining physician or treating physician testified at the hearing.[11] ALJ Lyons reviewed medical records, including from Mercy Fitzgerald Hospital.[12] ALJ Lyons relied on office treatment records from Mr. Mason's cardiologist who considers his congestive heart failure and cardiomyopathy to be resolved.[13] Mercer Philadelphia Hospital Emergency Department records indicate an x-ray showed Mr. Mason's heart is normal size.[14] EKG results from 2016 showed abnormalities, but the most recent EKG showed normal results. Five reports from Cardiology Medical Associates, Family Medicine University City, Wynnewood Foot and Ankle Center, and the Mercy Philadelphia Hospital Emergency Room all documented little or no lower extremity edema.[15] The emergency room documents showed 97% blood oxygen levels suggesting Mr. Mason's heart functions adequately.[16] ALJ Lyons found Mr. Mason reported few limiting symptoms to his various health care providers.

The Appeals Council denied Mr. Mason's request for review. He now asks we vacate ALJ Lyons' findings and award him benefits.

## II. Analysis

Mr. Mason seeks review arguing ALJ Lyons' determination of his RFC is not supported by substantial evidence because ALJ Lyons discounted his treating physician's RFC report and must have relied on his own lay opinion when determining Mr. Mason's RFC.[17]

An ALJ must determine whether a claimant is disabled. Under Title XVI of the Social Security Act ("Act"), a disabled person may be entitled to Supplemental Security Income.[18] A disability is the inability to "engage in any substantive gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months."[19] A

claimant is only disabled if their impairments so sever their previous work is impossible to do or it precludes any other kind of gainful work available in the national economy.[20]

To determine Mr. Mason's disability, the ALJ applies a five-step analysis consistent with the Commissioner's regulations.[21] If the Commissioner finds a disability or non-disability at any step during the analysis, the analysis will end.[22] First, the Commissioner considers a claimant's work activity, if any exists, and determines if the claimant is preforming substantial gainful activity.[23] Second, the Commissioner considers if the claimant has a severe impairment.[24] Third, the Commissioner considers the medical severity of the impairment, if the claimant has an impairment matching a medically listed impairment.[25] If the claimant's impairments or its equivalent matches a listed impairment, the claimant is presumed to be disabled.[26] If the claimant's impairments do not match impairments on the list, the Commissioner moves on to step four, determining the claimant's RFC.[27] RFC is what "an individual is still able to do despite the limitations caused by his or her impairment(s)."[28] For step five, if a claimant cannot return to past work, the Commissioner must prove "there are jobs existing in significant numbers in the national economy which the claimant can perform, consistent with his medical impairments, age, education, past work experience and [RFC]."[29]

At step one, ALJ Lyons found Mr. Mason has not engaged in substantial gainful activity since January 1, 2015. At step two, ALJ Lyons found Mr. Mason suffered from severe impairments due to congestive heart failure and obesity, and non-severe impairments from hypertension, status post-wrist and ankle fractures, gout, and status post pulmonary embolism.[30] At step three, ALJ Lyons found Mr. Mason's impairments, individually and combined, did not meet or medically equal an impairment listed in the Code of Federal Regulations.[31]

At step four, ALJ Lyons found Mr. Mason has no relevant past work, but has an RFC "to perform light work... except he can climb ramps or stairs less than frequently, and can crouch, kneel, and crawl occasionally."[32] At step five, ALJ Lyons found based on Mr. Mason's "age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy (Mr. Mason) can perform."[33]

Our review of ALJ Lyons' decision is deferential and her findings of fact are conclusive is supported by substantial evidence.[34] Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."[35] Substantial evidence is "more than a mere scintilla but may be somewhat less than a preponderance of the evidence."[36] To determine whether substantial evidence supports a factual finding, we review the record as a whole.[37] We are bound by the ALJ's factual findings if they are supported by substantial evidence, even if we would have decided the matter differently.[38]

Mr. Mason argues ALJ Lyons' determination of his RFC is not supported by substantial evidence because ALJ Lyons discounted medical opinions regarding Mr. Mason's physical condition and could only have relied on his own lay opinion in formulating the residual functional capacity.

"A cardinal principal guiding disability eligibility determinations is that the ALJ accord treating physicians' reports great weight, especially 'when their opinions reflect expert judgement based on a continuing observation of the patient's condition over a prolonged period of time.'"[39] If the ALJ determines "a treating source's medical opinion of the issue(s) of the nature and severity of [the claimant's] impairment(s) is well supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantive evidence in [the] case record," it is afforded "controlling weight."[40] The premium is placed on the opinions of treating

5

sources because "these sources are likely to be the medical professionals most able to provide a detailed, longitudinal picture of [the claimant's] medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations, such as consultative examinations or brief hospitalizations."[41]

But we must be equally mindful "[t]he ALJ—not the treating or examining physicians or State agency consultants—must make the ultimate disability and RFC determinations.[42] When a treating source's "opinion is internally inconsistent, an ALJ may properly give that opinion less weight or no weight."[43] And when a treating source's opinion is not entitled to controlling weight, "the ALJ [can] evaluate and weigh [it] against other medical evidence in the record."[44]

Mr. Mason concedes ALJ Lyons found medical evidence to be inconsistent. He asks we accept his view of the medical evidence. Mr. Mason argues ALJ Lyons' RFC findings must be disregarded due to the treating physician Dr. DeVaughn's RFC view. We find substantive evidence supports ALJ Lyons' decision to afford little weight to Dr. DeVaughn's RFC opinion.[45] ALJ Lyons assigned little weight to the opinion, finding "it is inconsistent with the limited objective findings and treatment documented after he application date" because it noted Mr. Mason "is limited to work at the sedentary level of exertion, and would be absent from work once a month, due to symptoms."[46] ALJ Lyons also discussed how the limitations Dr. DeVaughn suggests are unsupported by records "include[ing] a diagnosis of diastolic dysfunction, but at the same time indicate that the claimant's non-ischemic cardiomyopathy is resolved… Dr. DeVaughn indicated (Mr. Mason) should continue with the same level of treatment, including regular exercise, and return for a follow up in 3 months."[47] "ALJ Lyons reasoned "[t]hese recommendations do not seem

to reflect concern that the claimant's symptoms are worsening, or support a belief that the claimant's condition prevents him from engaging in all work-related activities."

The RFC determination is left to the fact-finding of ALJ Lyons. ALJ Lyons may, with detailed reasons, discount a treating physician's RFC analysis. He may not speculate; he also is not bound to a treating physician's view if not supported in the record. A treating physician's opinions have controlling weight when supported by medically-acceptable clinical and laboratory diagnostic techniques and not inconsistent with the other substantial evidence in the record.[48] Contrary to Mr. Mason's theory, ALJ is charged with this important decision and he reviews the entire record. The RFC finding is left to the ALJ who does not automatically adopt treating physician's RFC views when the substantial evidence in the record require a different finding. Dr. DeVaughn's RFC opinion is drawn for a form report without supporting evidence. The substantial evidence is contrary to Dr. DeVaughn's form report. Diagnostic tests evidence a normal heart size with increased heart functioning in an August 2016 and April 2017 electrocardiogram. ALJ Lyons cited clinical examinations contradicting his alleged limitations. He showed little to no lower extremity edema, 97% blood oxygen, and no evident cardiac complications.

Mr. Mason's second argument suggesting ALJ Lyons could have cured this "absence of medical data" by ordering a consultative examination or contacting Dr. DeVaughn for a follow-up report is not consistent with governing regulations.[49] ALJ Lyons is not required to go looking for more evidence. Mr. Mason is instead obligated to meet his burden. We cannot find he did so. We defer to ALJ Lyons' detailed RFC findings as based on substantial evidence detailed in his findings.

### III. Conclusion

We deny Mr. Mason's petition for review in the accompanying Order. The ALJ's denial of Supplemental Security Income is soundly based in substantial evidence. The ALJ evaluated the treating physician's form report compared to the evidence of record. The ALJ is not required to automatically adopt the treating physician's RFC view. The ALJ must explain why she did not follow the treating physician's view. ALJ Lyons described the substantial evidence in the record as contrary to the treating physician's RFC view. Mr. Mason did not meet his burden to overcome this evidence.

---

[1] Administrative Record ("R.") 43.

[2] R. 16.

[3] R. 16.

[4] R. 33-40.

[5] R. 18-23.

[6] R. 20.

[7] R. 21.

[8] R. 21.

[9] *Id.*

[10] *Id.*

[11] R. 28-42.

[12] R. 21.

[13] *Id.*

8

[14] *Id.*

[15] *Id.*

[16] *Id.*

[17] ECF Doc. No. 13 at 2

[18] 42 U.S.C. § 1381 *et seq.*

[19] *Id.* § 1382c(a)(3)(A).

[20] *Id.* § 1382c(a)(3)(B); *Barnhart v. Thomas*, 540 U.S. 20, 21-22 (2003).

[21] *See* 20 C.F.R § § 416.920(a)(4); *see e.g., Ramirez v. Barnhart*, 372 F.3d 546, 550 (3d. Cir. 2004).

[22] 20 C.F.R. § 416.920(a)(4).

[23] *Id* § 416.920(a)(4)(i) (mandating a finding of non-disability if claimant is engaging in substantial gainful activity).

[24] *Id* § 416.920(a)(4)(ii) (mandating a finding of non-disability if claimant's impairments are not severe).

[25] *Id* § 416.920(a)(4)(iii).

[26] *Id.*

[27] *Id* § 416.920(a)(4)(iv).

[28] *See eg., Fargnoli v. Halter*, 247 F.3d 34, 40 (3d. Cir 2001).

[29] 20 C.F.R § § 416.920(a)(4)(v); *see also Plumber v. Apfel*, 186 F.3d 422, 428 (3d Cir. 1999).

[30] R. 19.

[31] R. 20.

[32] R. 20, 23.

[33] R. 23.

[34] *Knepp v. Apfel*, 204 F.3d 78, 83 (3d Cir. 2000) (citing *Plummer* 186 F.3d at 427).

[35] *Zirnsak v. Colvin*, 777 F.3d 607, 610 (3d Cir. 2014) (quoting *Rutherford v. Barnhart*, 399 F.3d 546, 552 (3d Cir. 2005)).

[36] *Id.* (quoting *Rutherford*, 399 F.3d at 552) (internal quotations omitted).

[37] *Id.* (quoting *Schaudeck v. Comm'r*, 181 F.3d 429, 431 (3d Cir. 1999)).

[38] *Trinh v. Astrue*, 900 F. Supp. 2d 515, 518 (E.D. Pa. 2012) (citing *Fargnoli v. Massanari*, 247 F.3d 34, 38 (3d Cir. 2001)).

[39] *Morales v. Apfel*, 225 F.3d 310, 317 (3d Cir. 2000) (quoting *Plummer v. Apfel*, 186 F.3d 422, 429 (3d Cir. 1999)).

[40] 20 C.F.R. § 404.1527(c)(2).

[41] *Id.*

[42] *Chandler v. Comm'r of Soc. Sec.*, 667 F.3d 356, 361 (3d Cir. 2011).

[43] *Debias v. Astrue*, No. 11-3545, 2012 WL 2120451, at *9 (E.D. Pa. June 12, 2012).

[44] *Money v. Barnhart*, 91 F. App'x 210, 213 (3d Cir. 2004).

[45] *See* R. 20-23 (ALJ Lyons' reasoning); R. 402-406.

[46] R. 22.

[47] *Id.*

[48] 20 C.F.R. § 416.927 (c)(2).

[49] 20 C.F.R. § 416.912.